[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#119)
The defendants' original argument rests solely on the slender thread of their own interpretation of the plaintiff's allegations that the defendants knew their land was being used for recreational purposes. Without the benefit of any evidence, the defendants argue that such allegations of necessity demonstrate their land was open to the public for recreational use. Consequently, they argue, they are entitled to recreational use immunity under § 52-577g.
Initially, the plaintiff argues the defendants' interpretation is not controlling. This court agrees. The conclusion insisted upon by the defendants does not inescapably flow from the allegations relied upon by the defendants. Knowledge does not automatically equate with invitation. The defendants in effect concede this by arguing in the alternative that if their land were not open for recreational use the plaintiff must have been a trespasser to whom no duty was owed.
This supplemental argument suffers from the same frailty. It is based solely upon the face of the complaint as interpreted by the defendants. Without any evidential basis the court is asked to conclude that under no circumstances could the defendants owe a duty to the plaintiff. Under certain circumstances there can be a duty. Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 559 (1998).
Kurisoo v. Providence Worcester Railroad Company, 68 F.3d 591
(2nd Cir. 1995), is not persuasive in the absence of a factual basis for comparison. For example, part of the court's rationale in Kurisoo for concluding that land was available to the public were factual considerations such as advertising in local papers about the excellent fishing on the defendant's property and railroad employees customarily warning fishermen when a train was coming. There are no facts offered here. CT Page 1587
The defendants have failed in their burden of proof. The defendant's reliance upon their rigid interpretation of the plaintiff's allegations is misplaced. In the absence of an evidential basis this court cannot conclude that the defendants opened their land for recreational use within the meaning of § 52-577g. Nor can this court, in the absence of a factual record, conclude that if the plaintiff were a trespasser the underlying circumstances would not create a duty under Maffucci, supra.
The court will not consider these issues in a factual vacuum. Moreover, the court is obligated to read the complaint in the light most favorable to the plaintiff.
The court's function upon summary judgment is issue recognition, not issue resolution. Motion denied.
Licari, J. CT Page 1588